IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WILLIAM A. FINCH, IV, | ) |
| Plaintiff, | ) |
| v. | ) Docket No. |
| REGIONS BANK CORPORATION | ) JUDGE: |
| | ) MAGISTRATE JUDGE: |
| Defendant. | ) |
| | ) JURY DEMAND |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and submits his Complaint against Defendant. Plaintiff would allege as follows:

1. Plaintiff is a citizen and resident of Wilson County, Tennessee.

2. Defendant Regions Bank Corporation, is a for profit entity doing business in the State of Tennessee. Defendant employs over 500 people. Its agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

## JURISDICTION

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. §1391(b).

4. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337, and 1343. The Court has jurisdiction of the lawsuit in that it arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5. The Court also has jurisdiction over the lawsuit pursuant to §102 of the Civil Rights Act of 1991. The Court also has supplemental

1

jurisdiction of the State Law Claim for discrimination.

## FACTS

5. Plaintiff began his employment with the Defendant as a Mortgage Loan Officer on January 20, 2009.

6. Plaintiff was hired to serve three of Defendant's Wilson County bank branches for mortgage loans.

7. After the Plaintiff completed his initial training, he learned that the bank branches he was hired to serve were referring their mortgage loans to a female loan officer, Ellie Teed, who had worked for the Defendant for several years.

8. On at least five different occasions, the Plaintiff expressed concern to his manager, Joe Campopiano, regarding the fact that the loans were being referred to a female employee. Plaintiff was told that the Defendant could not control where the loans went and no other action was taken on his complaints.

9. On one occasion when the Plaintiff voiced his concern about the loans being given to other employees, he was told that he should look to Defendant's other bank branches, which were not in his area, for loan referrals. Accordingly, Plaintiff went to the Cookevillle, TN branch, where there was a loan officer vacancy, and began getting loan referrals from that area. After the vacancy was filled, the Plaintiff was advised by an employee in the McMinnville, TN branch that they could not send him anymore loans.

10. The Defendant hired a female employee, Sandy Glass, who was awarded nine bank branches in the Cookeville area for mortgage loan referrals. The Plaintiff was only give two branches to work, making it virtually impossible for him to keep his performance numbers competitive with the female employees who were receiving the large majority of referrals.

11. When the Plaintiff was told to look into getting loans from the Defendant's other bank branches, he did so. However, after establishing relationships to get loans sent to him, the Defendant hired a female employee in the same area. When the female employee complained that the Plaintiff was getting loan referrals from her area, Plaintiff was told that those branches could no longer send work to him. When Plaintiff had made the same complaint regarding work in his branches being sent to another female employee, he was told that the Defendant could not control where the referrals were sent.

12. Plaintiff was given a written warning regarding his performance from his manager, Joe Campopiano, and advised that he had three months to "get his numbers up." Plaintiff again asked Mr. Campopiano about branch assignments and the fact that loans were being referred to female officers. Plaintiff was told that management would look into it, however no action was taken.

13. Prior to the completion of the three month period that Plaintiff was given to improve his performance, his manager, Joe Campopiano, left his employment with the Defendant. He was replaced by Ms. Gayle Kindig, a female.

14. The Plaintiff's new manger, Ms. Kindig, met with the Plaintiff and gave him a final warning regarding his work, advising that if he did not improve, he would lose his job. She further advised that it would be a good idea for him to start looking for other employment. Plaintiff explained to her the disparity in branch assignments between himself and female MLO's.

15. Plaintiff filed an EEOC Charge, No. 494-2012-00245, against the Defendant on December 16, 2011.

16. In February 2012, Plaintiff was placed on a three month Performance Improvement Plan. Although he was advised by his supervisor that he was meeting the production goals in the

3

Performance Improvement Plan, Plaintiff was terminated from his position as Mortgage Loan Officer with the Defendant on May 24, 2012.

17. Plaintiff submits that the female Mortgage Loan Officers were given preference both in the number of bank branches they were given to work, and in the number of referrals they received. Plaintiff further submits that he was retaliated against for filing EEOC Charge 494-2012-00245.

18. Plaintiff received a Right to Sue letter on July 24, 2012.

## CAUSES OF ACTION

### I. Gender Discrimination

19. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 18.

20 The plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitute violations of Title VII of the Civil Rights of 1964, as amended, as a result of the gender, which entitles him to compensatory damages in the amount of $300,00.00, reinstatement, back pay, front pay, and attorney's fees and costs.

### II. Retaliation

21. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 18.

22. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitute adverse employment actions of retaliation for filing charges of discrimination, which entitles him to compensatory damages in an amount of $300,000.00, reinstatement, back pay, front pay, and attorney's fees and costs.

4

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

That proper process issue be served upon the defendant and that the defendant be required to answer within the time prescribed by law.

The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

That this Court grant a permanent injunction in joining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of age, gender, and/or disability.

That this matter be set for a trial by jury.

That the plaintiff be awarded his reasonable fees, costs, fees and expenses incurred herein.

For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted,
ANDY L. ALLMAN & ASSOCIATES

Andy L. Allman, BPR No. 17857
Michael A. Tolbird, BPR No. 18254
103 BLUEGRASS COMMONS BLVD.
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile: (615) 824-2674
andylallman@comcast.net
andrewtolbird@comcast.net